974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barry L. WESLEY, Petitioner-Appellant,
v.
STATE OF KANSAS; State of Colorado; Mike Hill, Sheriff
Sedgwick County, Kansas, Respondents-Appellees.
 No. 92-1053.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Barry L. Wesley (Wesley), appearing pro se, appeals form the district court's order denying his Motion for Reconsideration of the court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. On appeal, Wesley argues that the State of Kansas and the State of Colorado both violated "the agreement of the U.C.E.A."
 
 
 3
 Wesley was extradited from the State of Colorado to Sedgwick County, State of Kansas, for some sort of a probation violation. In Wesley's "Statement of Facts," Vol. I, Tab 3, pp. 1-2, he alleged that the extradition was illegal because, inter alia, he was never served copies of the Governor's warrant, he was denied the right to contest the contents of the Governor's warrant, and he was not properly represented or advised by legal counsel. Predicated thereon, Wesley alleged that there was no legal authority to order his return to the State of Kansas.
 
 
 4
 The matter was referred to the Magistrate Judge who issued his Recommendations, finding that in light of Wesley's initial petition and his response to an order to show cause, there were no facts clearly setting forth Wesley's claims. The judge could not discern whether Wesley's claims were against the State of Colorado, the State of Kansas, or both states. Finally, the magistrate judge concluded that "what is clear is that, no matter what state allegedly violated Petitioner's rights, Petitioner has failed to exhaust his state court remedies." Id., Tab 10, p. 2. The court cited to 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515 (1982); and Picard v. Connor 404 U.S. 270, 275-76 (1971). Id. Petitioner filed vague, uncertain objections thereto.
 
 
 5
 The district court entered an Order dismissing Wesley's Petition, finding/concluding that "This Court cannot construe Petitioner's vague and conclusory allegations to constitute violations of constitutionally protected rights. It may also be improper, depending on the nature of his unspecified claims in the Petition, for this action to be in the United States District Court for the District of Colorado." Id., Tab 15, p. 2.
 
 
 6
 We AFFIRM substantially for the reasons set forth in the District Court's Order of February 5, 1992, a copy of which is attached hereto.
 
 
 7
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Judge Daniel B. Sparr
 Civil Action No. 91-S-1946
 
 8
 Barry L. Wesley, Petitioner,
 
 
 9
 v.
 
 
 10
 State of Kansas, et al., Respondents.
 
 
 11
 Feb. 5, 1992.
 
 ORDER
 
 12
 THIS MATTER comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Barry Wesley. Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter was referred to Magistrate Judge Borchers. Magistrate Judge Borchers filed a Recommendation of United States Magistrate on December 9, 1991. The Court is required to make a de novo determination of those portions of the Magistrate's proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1).
 
 
 13
 Petitioner filed his petition pursuant to § 2241, attacking a state detainer. In answering the questions relevant to state detainers on the form petition, Petitioner failed to specify the location of the court which issued the detainer, but this appears to concern a county and county officers of Sedgwick County, Colorado.
 
 
 14
 At the present time, Petitioner appears to be in the custody of a Kansas state correctional facility in Hutchinson, Kansas. It does not appear that Petitioner has complied with the Interstate Agreement on Detainers, at C.R.S. § 24-60-501, et seq. It also appears that Petitioner initially sought to "challenge" his extradition to Kansas in the United States District Court for the District of Kansas, but his habeas corpus petition was dismissed. Petitioner attached a copy of the order dismissing his petition in that court to his objection to the Recommendation filed December 12, 1991. In an order signed October 4, 1991 by the Honorable Dale E. Saffels, the habeas corpus petition was dismissed as improper because the petitioner's quarrel is properly with Colorado, the sending state.
 
 
 15
 Magistrate Judge Borchers issued an Order to Show Cause on November 12, 1991, to which the Petitioner responded on November 26, 1991. In the response, Petitioner for the first time provides some details regarding his extradition. Petitioner alleges that a "false warrant" was issued in Sedgwick County, pursuant to which Petitioner was later arrested in Denver. He alleges that the warrant violated the double jeopardy clause.
 
 
 16
 It appears to the Court that Petitioner was arrested for a probation violation. Petitioner's fact description is vague and haphazard. After describing his detention after arrest in Denver, Petitioner describes a hearing to set bond which he alleges was based on a false warrant from the state of Kansas. Petitioner also alleges that he was denied due process for failure to be served with a Governor's warrant, and for failing to be adequately represented by a Public Defender in Denver. After some further legal proceedings in the Denver court, the Petitioner was apparently extradited to Kansas, where he claims to have been sentenced for a probation violation. Petitioner also alleges that the State of Kansas committed unspecified illegal acts, and that the State of Colorado acted as its agent in the furtherance of the commission of these acts.
 
 
 17
 The Magistrate Judge issued his Recommendation on December, 9, 1991. Although the Recommendation indicated it was reviewing a petition filed pursuant to 28 U.S.C. § 2254, the Court concurs with the substance of the Recommendation. Petitioner filed three separate objections to the Recommendation on December 12, 19, and 20, 1991, alleging essentially that the States of Colorado and Kansas entered into a conspiracy to enslave the Petitioner or otherwise to deprive him of civil rights.
 
 
 18
 As Petitioner is proceeding pro se, his complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1989). The Tenth Circuit has considered this to mean that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. That court also noted that, at the same time, "we do not believe it is the proper function of the district court to assume the role of advocate for a pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). This Court cannot construe Petitioner's vague and conclusory allegations to constitute violations of constitutionally protected rights. It may also be improper, depending on the nature of his unspecified claims in the Petition, for this action to be in the United States District Court for the District of Colorado. A complaint should not be dismissed unless, accepting plaintiff's allegation as true, it appears beyond doubt that plaintiff can prove no set of facts to support the claim for relief. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989).
 
 
 19
 In light of the standards outlined above, this Court must DISMISS the Petition.
 
 BY THE COURT:
 Daniel B. Sparr
 Daniel B. Sparr
 United States District Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3