2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Flozell J. BEASLEY, Plaintiff-Appellant,
v.
Anthony MARQUEZ, Defendant-Appellee.
 No. 93-1118.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Beasley, appearing pro se and in forma pauperis, appeals from the dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of his civil rights complaint alleging a 42 U.S.C. Sec. 1983 conspiracy. Mr. Beasley contends that the Defendant, a First Assistant Attorney General, conspired with various state personnel in conducting an inadequate or biased investigation of Mr. Beasley's complaints. He further contends that Defendant's report, which refuted Mr. Beasley's allegations, gave corrections personnel "a green-light for the illegal transfer of me and the attempts on my life." IR. doc. 3 at 2. He alleges that this conspiracy exists in retaliation for his testimony given in another case against the corrections department. On appeal, Mr. Beasley contends that the district court overlooked allegations indicating that the Defendant had full knowledge of the true facts concerning his situation and that the district court was biased. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and, after conducting a de novo review of the complaint's sufficiency, we affirm.
 
 
 2
 A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making this determination, we construe pro se pleadings liberally and factual allegations in the complaint must be taken as true. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991). The district court adopted the recommendation of the magistrate to dismiss the action for failure to allege specific facts which would support an inference that the Defendant was somehow involved in a conspiracy. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989).
 
 
 3
 The district court docket sheet indicates that Mr. Beasley failed to object to the magistrate's recommendation; accordingly, he has thereby forfeited his right to object on appeal. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). In the alternative, we agree that the complaint failed to allege a conspiracy with well-pleaded factual contentions. Our cases have emphasized the importance of pleading and proving a conspiracy as well as a constitutional deprivation in this type of case, Snell v. Tunnell, 920 F.2d 673, 701 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991), Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir.1990); merely alleging that the Defendant is responsible for subordinates and agents in his control, I R. doc. 3 at 5 (complaint), will not suffice as facts that support an inference of an agreement and concerted action. See Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir.1992), cert. denied, 61 U.S.L.W. 3864 (1993); Hall, 935 F.2d at 1110; Durre, 869 F.2d at 545. As for Mr. Beasley's contention that the district court was biased, this contention was not raised below and nothing in the record supports it. Unfavorable rulings on the merits do not constitute bias. See United States v. Cooley, 1993 WL 264875 (10th Cir.1993).
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3