869 F.2d 543
 Edgar Lee DURRE, Plaintiff-Appellant,
v.
John DEMPSEY, Acting Director Colorado Dept. of Corrections;
Bill Wilson, Superintendent; Carlos Baca, Superintendent;
Capt. C.A. Linam, Security Officer; Sgt. D.L. Orndorff,
Property Officer; Capt. Rex Worley, Housing Capt.; Major
Cox; Lt. J.J. Leonard, Housing Officer; Lt. James Akins,
Case Manager; Mark McGoff, Superintendent; Major Charlie
Watson; Capt. Juanita McIntyre; Lt. Fred Nelson; Thomas
I. Cooper; R.W. Henson; Major Spurlock; Capt. Irving G.
Jaquez; Capt. D.J. Erps; Officer Beccaccia; Lt. Jos
Aragon, Defendants-Appellees.
 No. 87-2367.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 28, 1989.
 
 Before MOORE, BRORBY and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, an inmate in the custody of the Colorado Department of Corrections, commenced this action pursuant to 42 U.S.C. Sec. 1983 against employees of the Department of Corrections. Plaintiff alleged defendants, through a series of incidents occurring during plaintiff's confinement in three different Colorado correctional facilities, conspired to violate plaintiff's constitutional rights guaranteed by the sixth, eighth, and fourteenth amendments. The district court dismissed the action. Plaintiff appeals.[1]
 
 
 2
 The district court dismissed several of plaintiff's claims without prejudice, holding these claims were included in the subject matter of a class action to which plaintiff is a party, Marioneaux v. Colorado State Penitentiary, No. 78-K-1065 (D.Colo). Plaintiff asserted claims alleging defendants violated plaintiff's right to due process by improperly conducting a disciplinary hearing in April, 1986, placing plaintiff in administrative segregation without a hearing, and failing to conduct a regression hearing before reclassifying plaintiff and transferring him to another facility. These claims are part of the subject matter of the Marioneaux class action, to which plaintiff is a party as an inmate in the custody of the Colorado Department of Corrections as of March 18, 1985. Stipulation, Marioneaux, No. 78-K-1065 (D.Colo. April 2, 1985). The district court properly dismissed these claims without prejudice, allowing plaintiff to seek redress through the class action.
 
 
 3
 Plaintiff also alleged defendants, in October, 1986, violated plaintiff's due process rights by improperly conducting a disciplinary hearing which resulted in a determination that plaintiff had violated prison regulations. Ordinarily, this claim would also be included within the subject matter of Marioneaux. Plaintiff, however, further asserted prison officials reversed the hearing officer's determination on administrative appeal. The district court, therefore, properly dismissed this claim as moot.
 
 
 4
 The district court dismissed plaintiff's remaining claims with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). This court will review de novo a district court's dismissal pursuant to Rule 12(b)(6). Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). Dismissal under Rule 12(b)(6) is appropriate only if plaintiff can prove no set of facts in support of his claim which would entitle plaintiff to relief. Id. In reviewing the district court's dismissal, we accept as true plaintiff's allegations, which will be construed in the light most favorable to the plaintiff. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). Because plaintiff was proceeding pro se, this court will liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).
 
 
 5
 In order to state a valid cause of action pursuant to Sec. 1983, plaintiff must allege defendants deprived plaintiff of a right secured by the Constitution and laws of the United States while defendants were acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); Meade, 841 F.2d at 1526. Plaintiff's Sec. 1983 claims satisfied the "under color of state law" requirement. See Parratt v. Taylor, 451 U.S. 527, 535-36, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664-65, 88 L.Ed.2d 662 (1986).
 
 
 6
 Plaintiff alleged defendants conspired to deprive plaintiff of his constitutional rights. Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice. See Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983). Conclusory allegations of conspiracy are insufficient to state a valid Sec. 1983 claim. Id.
 
 
 7
 Plaintiff alleged defendant Orndorff, a Department of Corrections property officer, wrongfully confiscated plaintiff's belongings and deliberately destroyed several items of plaintiff's property in violation of plaintiff's right to due process. The district court ruled, because adequate state post-deprivation remedies existed through which plaintiff could assert a claim for the loss of his property, this claim failed to state a cause of action for the denial of due process.
 
 
 8
 The complaint in this case is sixteen pages long. The allegations of deprivation of property read as follows:
 
 
 9
 In the process of prowling through plaintiffs [sic] property for five days, [Defendant Sgt. Orndorff] wantonly, willfully and with malace [sic] destroyed $60.00 worth of legal binders bought by plaintiff to preserve his legal case files. Thus rendering them completely useless.... And upon completion of defendants [sic] harrassment [sic] tactics, the plaintiff was missing twenty nine soda pop tokens.... That is a theft of $10.15. All of this as a harrassment [sic] is in violation of plaintiffs [sic] due process and equal protection rights.
 
 
 10
 There was no allegation in the complaint concerning indigency, lack of counsel, or refusal by the state to allow plaintiff to present his claims in state court.
 
 
 11
 A United States magistrate reviewed plaintiff's lengthy complaint and entered his conclusions and recommendations in an eleven-page report. Concerning the above allegations, the magistrate said:
 
 
 12
 In Hudson v. Palmer, 468 U.S. 517 [104 S.Ct. 3194, 82 L.Ed.2d 393] (1984), the Supreme Court decided that intentional deprivations of property as well do not constitute Fourteenth Amendment violations if adequate state post-deprivation remedies are available. Id. at 533 [104 S.Ct. at 3203]. Colorado law provides such a remedy at Colo.Rev.Stat. Sec. 24-10-106 (1982 Repl. Vol.), when property is wrongfully taken or negligently misplaced by a state official. Therefore, the complaint fails to state a claim under 42 U.S.C. Sec. 1983 against defendant ORNDORFF and must be dismissed in accordance with Fed.R.Civ.P. 12(b)(6). If he feels so inclined, plaintiff can pursue his Colorado statutory claim procedures.
 
 
 13
 The plaintiff then filed nine pages of objections to the magistrate's recommendations. Concerning the alleged deprivation of property, plaintiff stated:
 
 
 14
 The Magistrate at pages 10 and 11 finds that the intentional deprivation of property by the defendants, not withstanding [sic] that the deprivation is a part of the ongoing acts by the defendants against the plaintiff is governed by application of an adequate post deprivation remedy as purportedly contained in C.R.S. 24-10-106 (1982 Repl. V.); (PAGE 11). Stated quite simply does C.R.S. 24-10-106 provide such a remedy on the facts of this case, that PARRATT V. TAYLOR, 451 U.S. 517 [sic] [527, 101 S.Ct. 1908, 68 L.Ed.2d 420] forecloses determination of this issue in this Court as suggested by the Magistrate. (page 11)
 
 
 15
 Relying on COLEMAN V. FAULKNER, 697 F.2d 1347 (10th Cir. [1982] Plaintiff claims that the state remedy available in Colorado is inadequate because plaintiff is indigent; cannot retain counsel; the State will not provide counsel in civil cases for such a proceedings [sic], and Colorado State Prison Authorities will not allow the plaintiff to appear in civil actions in their own behalf. Further attempts to avail themselves of such remedies in Colorado Courts by pro-se [sic] litigants is continually rebuffed by the Colorado Courts. The posture of this matter thus is simply not developed in a manner that permits a summary denial of the property claims herein, until sufficient facts are developed to show that the remedy is inadequate. The vitality of COLEMAN appears untouched evenly, DANIELS V. WILLIAMS, 106 S.Ct. 662, and in any event COLEMAN remains the law of the Tenth Circuit and on the basis of stare decisis this Court should follow its lead.
 
 
 16
 The district court, in its five-page, well written and reasoned opinion, adopted the magistrate's report and stated concerning this issue:
 
 
 17
 Intentional deprivations of property do not constitute Fourteenth Amendment violation if adequate state post-deprivation remedies are available. Hudson v. Palmer, 468 U.S. 517 [104 S.Ct. 3194, 82 L.Ed.2d 393] (1984). Colo.Rev.Stat. Sec. 24-10-106 provides a remedy when property is wrongfully taken by a state official. Thus, the Magistrate found that the claim against defendant Orndorff must be dismissed. Plaintiff asserts that the state remedies available for the deprivation of his property are "inadequate because plaintiff is indigent; cannot retain counsel; the State will not provide counsel in civil cases for such a proceedings, and Colorado State Prison Authorities will not allow the plaintiff to appear in civil actions." The availability of free counsel in Colorado State Court does not affect the existence of his state statutory remedy. Further, plaintiff is entitled to file suit in Colorado State Court regardless of whether he is being held in custody. Accordingly, the claims against defendant Orndorff were properly dismissed.
 
 
 18
 When we review dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), we must accept the plaintiff's allegations as true. Meade, 841 F.2d at 1526. We also consider plaintiff's allegation of indigency, lack of counsel, and confinement contained in his response to the magistrate's recommendations because pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines, 404 U.S. at 520, 92 S.Ct. at 595.
 
 
 19
 The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). The magistrate and district court found Colo.Rev.Stat. Sec. 24-10-106(1)(b) (Repl.Vol.1988) provided an adequate post-deprivation remedy. Relying on this court's decision in Coleman v. Faulkner, 697 F.2d 1347, 1349 (10th Cir.1982), plaintiff asserted the state post-deprivation remedy is inadequate because of his indigency, lack of counsel and confinement.
 
 
 20
 In Coleman, this court held the district court must consider the allegation of indigency, lack of counsel and confinement in determining whether the state post-deprivation remedy is constitutionally sufficient. We did not hold that this allegation alone established a Sec. 1983 claim as a matter of law. In Coleman, the district court's dismissal was reversed and remanded to allow the court to consider Coleman's allegation that the state remedy was constitutionally insufficient for an indigent prisoner. In the case before this court, the district court considered plaintiff's allegation of indigency, lack of counsel, and confinement, and found Colorado's post-deprivation remedy constitutionally sufficient for an indigent prisoner. The district court's decision followed the mandate of Coleman. Therefore, unless indigency, lack of counsel, and confinement make the state post-deprivation remedy inadequate, the district court's dismissal of the Sec. 1983 claim must be affirmed.
 
 
 21
 Colorado law waives the defense of sovereign immunity for damages for injuries resulting from the operation of any correctional facility. Colo.Rev.Stat. Sec. 24-10-106(1)(b) (Repl.Vol.1988). Colorado requires a notice of a claim to be filed containing specified information. Colo.Rev.Stat. Sec. 24-10-109 (Repl.Vol.1988). The purpose of the notice is to allow for the immediate abatement of dangerous conditions, "to foster prompt settlement of meritorious claims," and to facilitate budget requirements. Antonopoulos v. Town of Telluride, 187 Colo. 392, 532 P.2d 346, 349 (1975) (emphasis added). The complaint pleaded no facts showing that plaintiff is unable, because of indigency, lack of counsel, or confinement, to follow the Colorado claim procedure.
 
 
 22
 If plaintiff's claim progressed to filing a suit in court, neither his indigency, lack of counsel, or confinement would prevent commencement of the suit. A Colorado statute allows an indigent person to petition the court to waive court costs and expenses. See Colo.Rev.Stat. Sec. 13-16-103 (Repl.Vol.1987). Pleadings may be prepared and signed by a pro se party, Colo.R.Civ.P. 11, and mailed to the court. Plaintiff's conclusory allegation that he "cannot retain counsel" failed to indicate any attempt to secure counsel through a contingency-fee arrangement, legal aid, or pro bono representation, or through law student assistance, Colo.Rev.Stat. Secs. 12-5-116 through 12-5-116.5 (Repl.Vol.1985). There is no constitutional right to appointed counsel in a civil case. Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir.1969). Plaintiff's confinement also does not prevent pursuit of the state remedy. He may file pleadings and conduct discovery through the mail. He can present his testimony to the court by deposition. Colo.R.Civ.P. 30 and 31. Plaintiff's conclusory allegation that his status as an indigent prisoner makes the state post-deprivation remedy inadequate failed to state a claim for relief under Sec. 1983. See, e.g., Williams v. St. Louis County, 812 F.2d 1079, 1082-83 (8th Cir.1987) (dismissal of Sec. 1983 complaint improper where petitioner's Rule 60(b) motion indicated the state court refused to allow him to proceed in forma pauperis ). There existed no showing in the complaint that indigency and confinement have in fact resulted in an inadequate state remedy. Plaintiff did not satisfy the causation requirement for a civil rights claim by alleging mere indigency and confinement. He must make some allegation showing they have in fact denied him an adequate state remedy. In order to state a claim under Sec. 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy. Indigency and confinement standing alone are not sufficient.
 
 
 23
 The district court dismissed plaintiff's remaining claims with prejudice. With one exception, we affirm.
 
 
 24
 Plaintiff alleged defendant Aragon, a Department of Corrections' housing officer, instigated and directed the beating of plaintiff by several other inmates in the presence of defendant Aragon. This allegation, accepted as true, stated a valid claim pursuant to Sec. 1983. Bethea, 417 F.2d at 508-09; see also Collins v. Hladky, 603 F.2d 824, 825 (10th Cir.1979).
 
 
 25
 Plaintiff failed to allege the personal participation of any of the other defendants in the incident underlying his claim against defendant Aragon. In order to be liable pursuant to Sec. 1983, a defendant must have personally participated in the alleged deprivation. Meade, 841 F.2d at 1527-58. The district court properly dismissed this claim to the extent it was asserted against any of the other defendants.
 
 
 26
 The district court order dismissing plaintiff's claim against defendant Aragon for directing inmates to beat plaintiff is REVERSED and REMANDED to the district court for proceedings consistent with this opinion. In all other respects, the district court's order is AFFIRMED.
 
 
 27
 EBEL, Circuit Judge, concurring.
 
 
 28
 I join in the majority opinion but would advance a somewhat different reason to affirm the dismissal of plaintiff's claim under 42 U.S.C. Sec. 1983 for wrongful deprivation of his belongings. I would affirm because plaintiff's allegation that he is unable to pursue state remedies is conclusory and does not allege facts sufficient to state a cause of action. The majority's careful recitation of the procedures available for pro se litigants under Colorado law serves to highlight the inadequacy of plaintiff's conclusory allegations.
 
 
 
 [1]
 After examining the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument