946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul Michael WOOLFORD, Plaintiff-Appellant,
v.
Warden Anthony BELASKI, Defendant-Appellee.
 No. 91-1016.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The appellant, Paul Michael Woolford, is a prisoner at the Federal Correctional Institution in Englewood, Colorado. He alleges that prison officials violated his constitutional rights by failing to provide him with proper medical treatment for his spinal injuries. Although he originally filed a writ of habeas corpus, the district court converted his cause of action to a civil rights complaint under Bivens.[1]
 
 
 3
 For the reasons stated in the Magistrate's Recommendation of November 7, 1990 and the District Court's Order of Dismissal of January 2, 1990, we AFFIRM. The appellant's complaint is dismissed with prejudice. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We deny the appellant's Motion to Expedite Court Appointed or Court Requested Counsel. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir.1989) (per curiam)