962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rolly O. KINNELL, Plaintiff-Appellant,
v.
Debra HUTCHES; Dr. Grimes; Raymond Roberts; Virginia
Russell; governor Finney; Linden G. Appel,
Defendants-Appellees.
 No. 91-3293.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Rolly O. Kinnell appeals from orders of the district court dismissing his civil rights complaint under 42 U.S.C. § 1983 and denying his request for habeas corpus relief under 28 U.S.C. § 2254. We grant Kinnell's motion to proceed in forma pauperis and for a certificate of probable cause.
 
 
 3
 Kinnell filed a pro se civil rights complaint on May 17, 1991, in which he alleged that he had been illegally committed to Osawatomie, a Kansas mental institution. Kinnell alleged, inter alia, that: he was committed after he told officials that he did not like "fags" [homosexuals] and that he didn't want them around him; the officials at Osawatomie were attempting to convert him to accept homosexuality; and the officials were engaged in a conspiracy to make him believe homosexuality was not abnormal. Kinnell requested relief of (a) one million dollars per day, (b) full subpoena and discovery power, (c) right to investigative services, (d) full and fair hearing as soon as possible, (e) temporary restraining order, and (f) right to proceed in forma pauperis.
 
 
 4
 On May 20, 1991, the district court entered an order denying all relief and dismissing Kinnell's complaint, finding that Kinnell's complaint lacked an arguable factual or legal basis for imposing liability.
 
 
 5
 On May 24, 1991, Kinnell filed a motion for relief from judgment. Kinnell alleged that his commitment was an abuse of the civil commitment laws; he could prove that most of the staff at Osawatomie were homosexual; homosexuals were attempting to coerce their views on him. On May 29, 1991, Kinnell filed an addendum to his motion in which he alleged that his freedom of speech had been deprived through a continuing conspiracy of homosexuals and that there was an attempt to convert him to the homosexual point of view by threatening him with forced medication and a prolonged stay at Osatwatomie.
 
 
 6
 On June 10, 1991, the district court entered the following order denying Kinnell's motions:
 
 
 7
 The matter before the court is plaintiff's Motion for Relief from Judgment to Amend the Complaint and Order, and plaintiff's Addendum to Motion before Court that includes Restraining Order, Habeas Corpus Relief, Stay of 91-C-65. Having reviewed the pleadings, the court concludes that plaintiff, in part, is asking the court to reconsider its order of May 20, 1991, in which the court dismissed the complaint and denied all relief. The court finds no good cause is demonstrated for disturbing that previous order, and denies plaintiff's request to amend, vacate or modify the May 20, 1991 order.
 
 
 8
 To the extent plaintiff seeks reversal of his May 24, 1991 state conviction or civil commitment, he seeks habeas corpus relief under 28 U.S.C. § 2254. Under that statute, plaintiff must exhaust all available state remedies before filing a petition for writ of habeas corpus in federal court.
 
 
 9
 On June 10, 1991, Kinnell filed a notice of appeal. On June 13, 1991, the district court entered an order denying Kinnell leave to proceed in forma pauperis on appeal finding that Kinnell's appeal was legally frivolous and not taken in good faith.
 
 
 10
 On July 15, 1991, Kinnell moved for leave to amend order. Kinnell alleged that his state habeas petition had been denied on June 28, 1991, and that he was now seeking habeas corpus review. On July 29, 1991, the district court entered an order denying Kinnell's motion:
 
 
 11
 It appears that plaintiff wants to introduce evidence that he has exhausted state remedies regarding his claims against Osawatomie State Hospital, hospital staff and state officials. Plaintiff attempts to modify the court's order, dated June 10, 1991, in which the court dismissed plaintiff's complaint for failing to exhaust state remedies on possible habeas claims raised in the complaint.
 
 
 12
 The court denies plaintiff's motion. Plaintiff has filed a notice of appeal from the June 10 order, and plaintiff's appeal is currently before the Tenth Circuit Court of Appeals. Once the appeal is decided, petitioner has the opportunity to refile his habeas claim(s) under § 2254.
 
 
 13
 On August 28, 1991, Kinnell filed a motion for relief of judgment. On September 6, 1991, the district court denied Kinnell's motion:
 
 
 14
 Plaintiff seeks relief from the court's order, dated June 10, 1991, in which the court dismissed the action.... Plaintiff filed a Motion for Leave to Amend the June 10 order, which the court denied in an order dated July 29, 1991. Having considered the record, the court finds plaintiff's present motion to be repetitious to motions previously considered and denied.
 
 
 15
 On appeal, Kinnell contends that he was illegally confined in a mental institution via deliberate and intentional abuse of process; the district court summarily dismissed his pleadings without a hearing or citing proper reasons; and his case involves a black indigent state prisoner who was deprived of his conditional release by all white mental health care personnel.
 
 
 16
 As set forth, supra, the district court dismissed Kinnell's § 1983 complaint after finding that it lacked an arguable factual or legal basis for imposing liability. The court also declined to consider Kinnell's habeas corpus claims because he had failed to exhaust his state remedies.
 
 
 17
 In order to state a valid cause of action pursuant to § 1983, plaintiff must allege defendants deprived plaintiff of a right secured by the Constitution and laws of the United States while defendants were acting under color of state law. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989), citing, Adickes v. S.H. Kress & Co., 389 U.S. 144, 150 (1970). Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. Sooner Products Company v. McBride, 708 F.2d 510, 512 (10th Cir.1989).
 
 
 18
 In Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2554-55 (1991), the Supreme Court stated that "This Court has long held that a state prisoner's federal habeas corpus petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." The doctrine of exhaustion of state remedies requires "that a state prisoner must exhaust the remedies provided him by the state in connection with the issues he presents in federal court as grounds for federal habeas corpus relief." Hurd v. Mondragon, 851 F.2d 324, 328 (10th Cir.1988).
 
 
 19
 Applying these standards to the facts herein, we hold that the district court did not err in dismissing Kinnell's § 1983 complaint and in not considering his habeas corpus claims.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3