13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie James WILLIAMS, Plaintiff-Appellant,
v.
Jol CALLISON, Defendant-Appellee.
 No. 93-3311.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Willie James Williams (Williams), appearing pro se, an inmate at the Larned Correctional Mental Health Facility at Larned, Kansas, appeals from the district court's dismissal of his 42 U.S.C.1983 action seeking $100 million dollars for damages to certain of his personal property while out of his possession at the institution. The district court opined that Williams "... may well be able to seek compensation through an administrative procedure or through a state court action." (See, Order, September 16, 1993).
 
 
 3
 The record reflects that among personal property items belonging to Williams which had been previously inventoried and returned him on July 11, 1993, were a TV set, a fan, a typewriter, a radio, and a hot pot which were allegedly damaged and "not working." In addition, Williams alleged that five (5) pair of contact lenses were missing. On July 27, 1993, Williams filed a Property Claim with the Facility seeking $400.00 in damages for these lost and/or damaged items. This claim was disapproved on August 26, 1993. Williams filed his pro se complaint on September 14, 1993, wherein he alleged that "When I went to pick my property [up] it was damage[d] but when the officer pick it up from my cell everything was working my property was damage[d] ... but they did not pay me for my damage[d] property."
 
 
 4
 The United States Supreme Court has held that neither negligent nor intentional deprivations of a prisoner's property under color of state law that are random and unauthorized, give rise to a 42 U.S.C.1983 claim where the plaintiff has an adequate state remedy. Hudson v. Palmer, 468 U.S. 517 (1984) (intentional deprivation); Parratt v. Taylor, 451 U.S. 527 (1981) (negligent deprivation). It is only when the deprivation of a prisoner's property results from an affirmatively established or de facto policy, procedure, or custom of the state, that the availability of an adequate state post-deprivation remedy will be considered irrelevant in a 1983 claim. Gillihan v. Shillinger, 872 F.2d 935, 939-40 (10th Cir.1989).
 
 
 5
 In Durre v. Dempsey, 869 F.2d 543 (10th Cir.1989), we held that an inmate's allegations under 42 U.S.C.1983 that prison officials wrongfully confiscated his personal belongings and thereafter deliberately destroyed several items, failed to state a claim for denial of due process where adequate state post-deprivation remedies existed through which the inmate could assert his claim for property losses.
 
 
 6
 The motion to proceed in forma pauperis is granted. The judgment is AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3