46 F.3d 1153
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carroll WHEELER, Plaintiff-Appellant,
v.
Aristedes ZAVARAS, Robert Furlong, Defendants-Appellees.
 No. 94-1499.
 United States Court of Appeals, Tenth Circuit.
 Jan. 5, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Carroll Wheeler appeals the district court's dismissal without prejudice of his 42 U.S.C.1983 claim. We have jurisdiction pursuant to 28 U.S.C. 1291 and we affirm.
 
 
 2
 In April 1994, Plaintiff brought a 1983 claim alleging Defendants violated his Eighth and Fourteenth Amendment rights by inadequately staffing the Limon Correctional Facility ("LCF"). Due to the inadequate staffing, Plaintiff alleged, he had been robbed and beaten by fellow inmates at LCF. In August 1994, Defendants filed a "Motion For Stay of Proceedings" explaining that the issues raised by Plaintiff were identical to the issues raised in a class action styled Wilson v. Romer, No. 92-C-1470 (D. Colo.) and that Plaintiff was a member of that class, which included all of the inmates at LCF. Relying on Durre v. Dempsey, 869 F.2d 543, 544-45 (10th Cir.1989), the district court dismissed Plaintiff's claim without prejudice and denied Defendants' "Motion For Stay of Proceedings" as moot. This appeal followed.
 
 
 3
 On appeal, Plaintiff contends the district court erred in dismissing his 1983 claim without prejudice. We disagree. In Dempsey we concluded that the district court properly dismissed without prejudice a plaintiff inmate's 1983 claims because those claims were included within the subject matter of a class action to which the plaintiff was a party. Id. at 544-45. The without prejudice dismissal "allow[ed] plaintiff to seek redress through the class action." Id. In the instant case, the district court concluded that Plaintiff's claims were included within the subject matter of the Wilson class action and that the Plaintiff was a party to the Wilson class action as an inmate at LCF. As a result, the district court properly dismissed Plaintiff's claim without prejudice, allowing him to seek redress through the Wilson class action.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both parties waived oral argument. The case is therefore ordered submitted on the briefs