UNITED STATES COURT OF APPEALS
**Filed 6/25/96**
FOR THE TENTH CIRCUIT

DONALD C. HAYHURST, N.M.D.,

      Plaintiff-Appellant,

v.

STANLEY BEYRLE, N.M.D.,
Individually and as agent for American
Association of Naturopathic Physicians;
and AMERICAN ASSOCIATION OF
NATUROPATHIC PHYSICIANS, an
Oregon corporation,

      Defendants-Appellees.

No. 95-3335
(D.C. No. 95-CV-1279)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Donald C. Hayhurst appeals from the district court's dismissal of this pro se diversity action seeking "redress for libel, slander, defamation, and an ongoing conspiracy, perpetrated by the defendant(s) one and all . . . ." R. doc. 1 at 3. The district court analyzed the composite pro se complaint into three components, one claim of defamation as to each defendant individually and one claim of defamatory conspiracy, which it then rejected on various legal grounds. As explained below, we affirm for substantially the reasons stated by the district court in its order of dismissal.

The district court dismissed the conspiracy claim as factually inadequate under this circuit's pleading standards. We agree. The complaint merely states plaintiff's subjective conclusion that a conspiracy existed with respect to a letter signed solely by defendant Beyrle under his own professional letterhead. The requisite factual allegations depicting or indicating agreement and concerted action are plainly lacking. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989); Clulow v. Oklahoma, 700 F.2d 1291, 1303 (10th Cir. 1983), overruled on other grounds by Garcia v. Wilson, 731 F.2d 640, 657 (10th Cir. 1984), aff'd, 471 U.S. 261 (1985). Indeed, plaintiff himself conceded in post-judgment proceedings that the conspiracy claim "is not fully alleged and is a proper issue to dismiss from plaintiff's complaint at this time." R. doc. 21 at 4.

We also agree with the district court's dismissal of the defamation claim against Beyrle individually on the basis that his letter[1] is not actionable under principles governing the analysis of defamatory opinion established in <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S. 1 (1990),[2] and related cases. <u>See generally</u> <u>Dilworth v. Dudley</u>, 75 F.3d 307, 309-10 (7th Cir. 1996)(actionability of opinion is threshold legal question for court); <u>Partington v. Bugliosi</u>, 56 F.3d 1147, 1153 (9th Cir. 1995)(same). Judgments by Beyrle, a naturopathic practitioner, that he "can not condone nor support a 'colleague' who uses the so-called 'therapies' that he does, and also conducts himself professionally as he does," because the colleague "is not a good representation of Naturopathic doctors or the therapies that we provide," R. doc. 1, ex. B, constitute neither direct assertions of objectively verifiable fact nor indirect shorthand for conveying specific implications thereof. <u>See</u> <u>Milkovich</u>, 497 U.S. at 20-22. It is clear from the context that Beyrle was simply airing his conflicting perspective on a matter of some controversy--i.e., the appropriate nature and direction of the parties' common professional enterprise.

---

[1]    The district court properly treated the letter, which was attached as an exhibit to the complaint, as part of the pleadings for purposes of defendants' motion to dismiss. <u>See</u> <u>Industrial Constructors Corp. v. United States Bureau of Reclamation</u>, 15 F.3d 963, 964-65 (10th Cir. 1994).

[2]    Plaintiff has never challenged the district court's tacit premise that the circumstances surrounding Beyrle's letter, and plaintiff's role therein, were sufficiently public to implicate the principles discussed in <u>Milkovich</u>. <u>See</u> 497 U.S. at 20 n.6 (reserving judgment on whether prescribed analysis applies to nonpublic figure). We therefore deem the matter waived and proceed from the same premise as the district court. <u>See, e.g.,</u> <u>Sheets v. Salt Lake County</u>, 45 F.3d 1383, 1389-90 (10th Cir.)(issue whether plaintiff was public figure deemed waived for lack of appellate argument on point), <u>cert. denied</u>, 116 S. Ct. 74 (1995).

3

When, as here, an author writing about a controversial [matter] . . . offers his personal perspective about some of its ambiguities and disputed facts, his statements should generally be protected by the First Amendment. Otherwise, there would be no room for expressions of opinion by commentators, experts in a field, figures closely involved in a public controversy, or others whose perspectives might be of interest to the public.

Partington, 56 F.3d at 1154. In essence, Beyrle's letter "is basically just a colorful and insulting way of expressing disagreement with [plaintiff's] idea[s], and it therefore belongs to the language of controversy rather than to the language of defamation." Dilworth, 75 F.3d at 310; cf. Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin, 418 U.S. 264, 268 (1974)(holding term, "traitor," nondefamatory when used as "a lusty and imaginative expression of the contempt felt by union members" for nonunion rivals); Greenbelt Cooperative Publishing Ass'n v. Bresler, 398 U.S. 6, 13-14 (1970)(holding term, "blackmail," nondefamatory where nothing more than "a vigorous epithet used by those who considered [plaintiff's] . . . position extremely unreasonable").

Finally, the district court dismissed plaintiff's defamation claim against the American Association of Naturopathic Physicians (AANP) as time-barred because, unlike the Beyrle letter, the materials attributed to the AANP were published well outside the one-year period prescribed by Kan. Stat. Ann. § 60-514(a). In post-judgment proceedings, however, plaintiff objected that the district court had misconstrued his claim against AANP, which he insisted was limited specifically to the letter published by Beyrle--allegedly as AANP's agent. R. doc. 21 at 4-5 (paras. 2 & 3(b)). Plaintiff's appellate argument on the limitations issue is likewise tied exclusively to the Beyrle letter. Appellant's Opening Br. at 3-A. Accordingly,

4

we do not address the timeliness of plaintiff's defamation claim as it relates to the AANP materials discussed by the district court, but instead affirm the court's dismissal of the AANP claim for the same reason we affirm its dismissal of the claim against Beyrle himself, i.e, the only communication complained of does not constitute actionable defamation.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge