**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELVIN E. SMITH,

      Plaintiff-Appellant,

v.

WAYNE FREESTONE; DAVID
ANGERHOFFER; DAVID CUNDICK,
LAWRENCE H. HUNT; UTAH
DEPARTMENT OF CORRECTIONS,
an administrative agency of the State
of Utah; PARKER, FREESTONE,
ANGERHOFFER & HARDING, a
Utah Corporation,

      Defendants-Appellees.

No. 99-4005

(D.C. 97-CV-944-C)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **BALDOCK**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

    [*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Mr. Smith brought this complaint pursuant to 28 U.S.C. § 1983 alleging he was denied access to the courts by the defendants in violation of his right of access to the courts.  See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972) ("The right of access to the courts is . . . one aspect of the right of petition.").

We affirm the district court dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim under which relief may be granted.

As noted by the district court, the Utah Department of Corrections is a state agency immune to suit in federal court under the Eleventh Amendment.  See U.S. Const. Amend. XI.  We therefore affirm the dismissal of the complaint against the Department.

The remaining defendants are attorneys who contracted with the State of Utah to represent prisoners.  Court-appointed lawyers are not usually considered state actors for section 1983 purposes.  See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981).  The district court found the allegations of conspiracy insufficient to support a section 1983 complaint against these otherwise private actors.  We agree.  Although a valid conspiracy charge could support an allegation that a lawyer was acting under color of state law, "[c]onclusory allegations of

2

conspiracy are insufficient to state a valid § 1983 claim." <u>Durre v. Dempsey</u>, 869 F.2d 543, 545 (10th Cir. 1989). Mr. Smith has failed to present anything other than conclusory statements supporting his allegation of conspiracy. This is not a claim for which relief could be granted.

Accordingly, we AFFIRM.

Entered for the Court,

Robert H. Henry
Circuit Judge