**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FREDERICK P. HARRISON; C.L.H.;
J.Y.H., (Children), appearing by and
through their father Frederick P.
Harrison; CHRISTINA A.
HARRISON; I.A.H., (A Child),
appearing by and through his mother
Christina A. Harrison,

    Plaintiffs-Appellants,

v.

DAVID A. GILBERT, Judge, Fourth
Judicial District Court, El Paso
County, Colorado; PEOPLE OF THE
STATE OF COLORADO; JOHNNY
BOHNEN, El Paso County Attorney
Office for the Department of Human
Services; DIANE C. BOLDT,
Guardian ad Litem; ANN ROTOLO,
Guardian ad Litem; PHILLIP
BRADLEY SHARP, Esq.; BRYAN
HUNT, Esq.; KEN LARSON,
Detective, El Paso County Sheriff's
Office; TINA-MARIE T.
HARRISON,

    Defendants-Appellees.

No. 04-1420
(D. Colo.)
(D.Ct. No. 03-N-2442 (BNB))

---

**ORDER AND JUDGMENT**[*]

---

[*]  This order and judgment is not binding precedent except under the

(continued...)

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

Frederick P. Harrison, a *pro se* litigant appearing for himself and his minor children; and his daughter, Christina A. Harrison, also a *pro se* litigant appearing for herself and her minor child (hereafter the Harrisons), appeal the district court's dismissal of their complaint relating to certain 42 U.S.C. § 1983 and other claims against various county and city officials and other private parties. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

The federal district court which entered the order dismissing the Harrisons' complaint has succinctly set forth the facts, parties, and allegations relevant to

---

[*](...continued)
doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

their complaint, which we reiterate in part. As the district court noted, their action arises out of an El Paso County, Colorado, District Court proceeding in which the state district court found Mr. Harrison's minor children to be dependent and neglected. The Colorado Court of Appeals reversed and remanded for further evidentiary hearing, but affirmed the state district court's order directing Mr. Harrison to undergo genetic testing to determine if he fathered the child of his then minor daughter, Christina Harrison. The Harrisons then commenced their federal lawsuit, naming "just about anybody who had anything to do with the state court proceedings." Although the federal district court described the complaint as "rambling and frequently nonsensical," it nevertheless discerned that the Harrisons alleged: 1) the state district court judge committed multiple legal errors, acted arbitrarily, and denied them numerous constitutional rights; 2) the El Paso County Assistant Attorney, who represented the El Paso County Department of Human Services in initiating the dependency and neglect proceedings, conspired to violate their constitutional rights by presenting statements to the court falsely attributed to Christina Harrison for the purpose of requiring Mr. Harrison to undergo invasive genetic testing; 3) two court-appointed guardian *ad litem* attorneys, who represented Mr. Harrison's minor children, including Christina, similarly violated their constitutional rights; 4) two private attorneys, one who represented Mr. Harrison, and the other who represented Christina, in the

state court proceedings, participated in a civil rights conspiracy and provided ineffective representation; 5) a county sheriff's office detective, who investigated the underlying facts in the state case, similarly violated their constitutional rights; and 6) Mr. Harrison's "entangle" wife, who the district court assumed to be his ex-wife and who appeared to be the mother of Christina, participated in a conspiracy to violate their constitutional rights by causing Christina to cooperate with the other defendants in providing information, now claimed to be false, which led to the dependency and neglect allegations and the order for Mr. Harrison to undergo genetic testing.

After setting out the parties and allegations, the federal district court carefully and concisely applied the applicable law to the allegations asserted and then dismissed the complaint. In short, the district court explained: 1) neither Frederick nor Christina, acting *pro se*, could represent the interests of their minor children; 2) the allegations made against the state district court judge were barred by the *Rooker-Feldman* doctrine as well as the doctrine of absolute judicial immunity; 3) the attorneys acting as guardians *ad litem* were entitled to quasi-judicial immunity; 4) the assistant county attorney was protected by the doctrine of quasi-judicial absolute immunity concerning any claims regarding his representation and advocacy in the state district court; 5) the vague and

insufficient conspiracy allegations against the sheriff's detective were time barred;
6) the private attorneys were not acting under color of law as required under
§ 1983, the "vague general, conclusory" conspiracy claims against them failed to
set forth allegations sufficient for a conspiracy, and any claims of legal
malpractice against them under state law would be dismissed for lack of
jurisdiction given the dismissal of all federal claims; and 7) the "entangle" wife
of Mr. Harrison and mother of Christina was a private party so she did not act
under color of law with respect to the insufficiently alleged conspiracy claims
against her. In addition to dismissing the complaint, the district court awarded
costs to the defendants.

Following the district court's dismissal of the complaint, the Harrisons
filed a motion for reconsideration, which the district court reviewed and found to
be without merit. The Harrisons now appeal the district court's order dismissing
their complaint as well as the order denying their motion for reconsideration. In a
repetitive and rambling forty-seven-page document, the Harrisons continue to
essentially allege that the named defendants violated their constitutional rights
and participated in a conspiracy to violate those rights and that the district court
erred in dismissing each of the named defendants, denying their motion for
reconsideration, and awarding costs to the defendants.

We review *de novo* an order dismissing a complaint under Federal Rule of Civil Procedure 12. *See Wyoming v. United States,* 279 F.3d 1214, 1222 (10th Cir. 2002); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). This court construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *See Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and ... construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* While we must construe the complaint in the light most favorable to the plaintiff, we will not accept bare conclusory allegations as true or consider conclusory allegations on the legal effect of the events set out if they do not reasonably follow from the description of those events. *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1306 (10th Cir. 2001); *Landmark Land Co. of Okla., Inc. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989), *abrogated on other grounds by Fed. Lands Legal Consortium v. United States*, 195 F.3d 1190 (1999).

With these standards in mind, we have reviewed the pleadings, including the Harrisons' appellate and reply briefs, the record on appeal, and the district court's decision, considering them in light of the applicable law. The district court issued a comprehensive and well-reasoned decision, and for the purposes of judicial economy, we will not repeat its discussion of the applicable law or reasoning for dismissing the complaint, other than to specifically conclude it is obvious the Harrisons cannot prevail on the facts alleged. *See Perkins*, 165 F.3d at 806. Under the circumstances presented, we also find the district court did not err in denying the motion for reconsideration or in awarding costs to the defendants.

Accordingly, we **AFFIRM** the district court's decision for substantially the same reasons articulated in its September 10, 2004 Order of Dismissal and September 28, 2004 Order on the Harrisons' motion for reconsideration. We **DENY** the Harrisons' "Motion to Strike Counsel's Entry of Appearance For Defendants Johnny Bohnen and Ken Larson," "Motion To Strike Counsel's Response Brief for Defendants Johnny Bohnen and Ken Larson," and "Motion To

Strike Counsel's Response Brief For Defendants [sic] Phillip Bradley Sharp."

                                        **Entered by the Court:**

                                        **WADE BRORBY**
                                        United States Circuit Judge