**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LARRY DARNELL SIMS,

     Plaintiff-Appellant,

v.

ROBERT HICKOK, Supt. II; MAJOR STEVE
GREEN; CAPT. DAVIS; CAPT. MARY WHITE;
MAJOR SUSAN WORTHINGTON; LARRY HILL;
LT. BLODGETT; SGT. CASSELBERRY; SGT.
JOHNSON; LT. ROCHA; CAPT. LOCHART; SGT.
RON ROCK; DON SCHUMACHER; ARISTEDES
ZAVARAS, Exec. Dir., Colorado Dept. of Colorado,
and UNKNOWN JOHN AND JANE DOES,

     Defendants-Appellees.

No. 99-1110
(D. Colo.)
(D.Ct. No. 97-Z-2121)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

_____

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Larry Darnell Sims, a state inmate appearing *pro se*, appeals the district court's order dismissing his 42 U.S.C. § 1983 action for failure to state a claim on which relief may be granted.

Mr. Sims' § 1983 action stems from incidents occurring at the Delta Correctional Center where he claims he informed a correctional officer he felt a seizure coming on and requested medical attention by a nurse, but the officer ignored his request. Mr. Sims then suffered a seizure. Mr. Sims contends correctional officers kicked, pushed, nudged, and shook him during the seizure. Approximately four days after this incident, Mr. Sims claims the correctional officers subjected him to racial and sexual slurs. After filing a grievance, Mr. Sims suggests officials retaliated by placing him in administrative segregation without just cause, even though his placement in administrative segregation followed two prison disciplinary violations for refusal to work and disobeying a lawful order. As a result of these incidents, Mr. Sims claims correctional officers and their supervisors violated his constitutional rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments, and acted negligently in failing to

protect him from harm and assault and battery.

The district court assigned the matter to a magistrate judge who recommended Mr. Sims' complaint be dismissed. Even accepting Mr. Sims' allegations as true, the magistrate judge concluded Mr. Sims' complaint did not state any claim on which relief could be granted because he suffered no constitutional deprivation. Specifically, the magistrate judge determined that the officers' insults and slurs were insufficient to amount to an Eighth Amendment violation, and that Mr. Sims had not shown he suffered any compensable harm or alleged anything more than use of *de minimis* force. The magistrate judge also concluded that Mr. Sims: (1) had no liberty interest in a non-administrative segregation placement, and therefore, was not entitled to any sort of due process before his placement into administrative segregation; (2) failed to allege how he was treated differently than other, similarly situated inmates, thus failing to establish an equal protection claim; and (3) failed to allege specific facts beyond mere proximity in time, showing prison officials placed him in administrative segregation because he filed a grievance. The magistrate judge further determined Mr. Sims failed to allege grounds sufficient to support his Fifth and Ninth Amendment claims.

As to Mr. Sims' allegations against the correctional officers and supervisors named in the complaint, the magistrate judge determined he failed to allege facts implicating personal participation by many of them, and to the extent Mr. Sims asserted claims against them in their official capacities, his claims were barred by the Eleventh Amendment. Finally, the magistrate judge concluded Mr. Sims' removal from the Delta Correctional facility made his claim for injunctive relief moot, and his allegation of negligence for assault and battery was a state claim which the district court could decline to exercise jurisdiction over in absence of any federal issues. After conducting a *de novo* review of the magistrate judge's recommendation and Mr. Sims' objections thereto, the district court issued a decision accepting the magistrate judge's recommendation and dismissing Mr. Sims' complaint.

On appeal, Mr. Sims raises the same issues presented to and addressed by the magistrate judge and district court. He also raises a new and conclusory allegation that Colorado Department of Corrections officials failed to exercise control over those who abused him and failed to properly supervise and train them.

We review *de novo* the district court's dismissal of a complaint for failure

-4-

to state a claim on which relief may be granted. *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 896 (10th Cir. 1997), *aff'd* 1999 WL 407488 (U.S. Jun. 22, 1999) (No. 97-1943). When reviewing a dismissal of a complaint, we treat all material allegations as true and construe the complaint in favor of the plaintiff. *Id.* We will uphold dismissal only if Mr. Sims can prove any set of facts in support of his claim that entitles him to relief. *Id.; see also* Fed. R. Civ. P. 12(b)(6). As a *pro se* litigant, Mr. Sims' pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Despite the liberal construction afforded *pro se* pleadings, we generally will not consider issues raised for the first time on appeal, *Walker v. Mather (In re Walker)* 959 F.2d 894, 896 (10th Cir. 1992), or conclusory and unsupported §1983 allegations, *Durre,* 869 F.2d at 545.

We have conducted a *de novo* review of Mr. Sims' arguments on appeal, the magistrate judge's recommendation and propositions of law on which he relied, and the entire record on appeal. Our review leads us to conclude Mr. Sims has alleged no facts that, even if true, would support his claims for relief. Thus, for substantially the same reasons set forth by the magistrate judge and adopted by the district court, we **AFFIRM** the district court's dismissal of Mr. Sims'

§ 1983 action.  Accordingly, we deny his request to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge