**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

RICHARD LYNN WRIGHT,

      Plaintiff-Appellant,

v.

O. LANE McCOTTER, Director, Department
of Corrections; HANK GALETKA, Warden,
Utah State Prison; J. TERRY BARTLETT;
CHRIS OLSON; MORREY WARREN; JANET
KNUDSEN; MATHEW SMITH,

      Defendants-Appellees.

No. 99-4192
(D. Utah)
(D.Ct. No. 97-CV-921-B)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Richard Lynn Wright, a state inmate appearing *pro se*, appeals the district court's order dismissing his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915(e)(2)(B). We dismiss Mr. Wright's appeal as frivolous.

Mr. Wright's § 1983 action stems from incidents that allegedly occurred at a Utah state prison. Mr. Wright complained prison officials improperly moved him to administrative segregation for five months, based on escape charges from twenty years earlier, and in so doing, impermissibly confiscated his personal property, including his television, a few articles of clothing, miscellaneous office-type supplies, a "bottle [of] hot sauce, bag [of] sunflower seeds, bag of hard candy, bag of coffee, 3 soups, four ink pens, two pencils, calendar, sewing kit, [and] TV guide." He asserted his segregation and loss of property, which the prison donated to charity after he did not make arrangements to store it, violated his equal protection and due process rights and subjected him to cruel and unusual punishment and unnecessary and wanton infliction of pain. He also complained the prison improperly deducts money from inmate accounts, without permission or notice, for expenses such as medical and dental care.

The district court assigned the matter to a magistrate judge who issued a thorough Report and Recommendation recommending dismissal of Mr. Wrights'

complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). First, the magistrate judge determined Mr. Wright's complaint failed "to make sufficient factual allegations showing that the named defendants were personally or individually involved in an alleged violation of his rights." Secondly, the magistrate judge determined each of Mr. Wright's constitutional claims lacked merit. After reviewing Mr. Wright's complaint, the Report and Recommendation, and Mr. Wright's objections thereto, the district court adopted the Report and Recommendation and dismissed the complaint.

On appeal, Mr. Wright raises the same issues addressed below, and contends the district court erred in finding his complaint frivolous, because his complaint clearly alleged facts sufficient to show the defendants were personally or individually involved in a violation of his constitutional rights. He contends he showed two of the defendants violated his rights when he attached letters he sent to them to his complaint. In addition, the same two defendants are responsible for the policies he challenges, one as the director of the Utah Department of Corrections, and the other in his capacity as the warden of the prison. Mr. Wright also suggests the district court erred in not allowing him to amend his complaint in order to more clearly identify the defendants and in holding the state provides an adequate post-deprivation remedy for loss of property. Finally, Mr. Wright

raises an additional issue on appeal concerning confiscation and destruction of property taken while he remained in segregation, including a nude magazine and his "Fast-Teeth" for dentures.

We review the district court's dismissal of Mr. Wright's complaint as frivolous, under § 1915(e)(2)(B)(i), for abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). As a *pro se* litigant, Mr. Wright's pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Despite the liberal construction afforded *pro se* pleadings, we generally will not consider issues raised for the first time on appeal, *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), or conclusory and unsupported § 1983 allegations. *See Duree*, 869 F.2d at 545.

We have reviewed Mr. Wright's arguments on appeal and the entire record before us. Our review leads us to conclude Mr. Wright's complaint alleges claims with no arguable basis for relief in either law or fact. *See Abbott v. McCotter*, 13 F.3d 1439, 1440 (10th Cir. 1994). Thus, for substantially the same reasons set forth by the magistrate judge and adopted by the district court, we dismiss Mr.

Wright's appeal as frivolous under § 1915(e)(2)(B)(i).

In so doing, we note that prior to filing his § 1983 complaint, Mr. Wright had one "prior occasion" or "strike" for the purposes of the "three strikes" provision set out in 28 U.S.C. § 1915(g). *See Wright v. McCotter*, 172 F.3d 880, 1999 WL 76904 at *1-2 (10th Cir. Feb. 18, 1999) (affirming district court's decision finding the complaint frivolous).[1] We consider the district court's dismissal of Mr. Wright's complaint in this action as a second "prior occasion" or "strike," and our dismissal of his frivolous appeal as a third "prior occasion" or "strike." *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999). Mr. Wright now has three strikes and may not proceed *in forma pauperis* in any future federal lawsuits, other than habeas suits, which do not involve "imminent danger of serious physical injury." *Id.* at 781 (quotation marks and citation omitted). A copy of this order shall be filed in the

---

[1] In the previous action, Mr. Wright unsuccessfully brought a § 1983 action for the same five months he spent in segregation, that time alleging his segregation resulted from officials' improper retaliation against him because he filed some administrative grievances. *Id.*

records of the United States Court of Appeals for the Tenth Circuit related to

repeat frivolous filers.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge