**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOE JOHNSON, JR.,

      Plaintiff-Appellant,

v.

JAMES L. SAFFLE; DELORES
RAMSEY; STEVE HARGETT;
KATHY HALE; BRYAN PALMER;
STEVEN W. DAVIS,

      Defendants-Appellees.

No. 99-6148
(D.C. No. 98-CV-494-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Joe Johnson, Jr. appeals from summary judgment granted in favor of defendants on his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Plaintiff, appearing pro se, alleges denial of constitutional rights while he was incarcerated in Lexington, Oklahoma. He asserts that a department of corrections ("DOC") policy limiting the amount of legal material an inmate may possess in his cell unconstitutionally restricts his access to courts in violation of his First and Fourteenth Amendment rights and in violation of his right to assist other inmates in preparation and filing of their legal pleadings. In a separate count, he alleges that certain of the state defendants retaliated against him for filing a grievance contesting a DOC no-smoking policy by enforcing the property restrictions and by threatening to issue a misconduct report. In a third count, plaintiff alleges that all defendants conspired to retaliate against him for filing grievances and for assisting other inmates in legal matters. He later asserted that the retaliation culminated in a transfer to another facility. He asserts that because the new facility takes more stringent security measures and is noisier, more crowded, and less safe and comfortable, transfer to that facility may be considered to be punishment. Plaintiff sought injunctive, declaratory, and monetary relief.

-2-

On order from the court, defendants filed a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and moved to dismiss and for summary judgment. In his recommendation for disposition of the case, *see* 28 U.S.C. § 636(b)(1)(B), the magistrate judge concluded that plaintiff had failed to state a claim against defendant Davis (a private attorney) because of the absence of factual allegations demonstrating that Davis acted under color of state law, *see Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988). He therefore recommended granting Davis's motion to dismiss. The magistrate judge proposed granting summary judgment in favor of all state defendants on the property limitation claim, concluding under *Turner v. Safley*, 482 U.S. 78, 88-91 (1987), that the DOC regulations bore a reasonable relationship to a legitimate penological objective. The magistrate judge also found that plaintiff had failed to allege actual injury caused by the property restriction in his denial of access to courts claim. The magistrate judge properly determined that plaintiff has no constitutional right to provide legal representation to other inmates. *See Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990).

As to the retaliation claims, the magistrate judge concluded that plaintiff had failed to allege that he was actually punished for any reason, since a claim that a prisoner has been verbally threatened is not sufficient to state a claim under § 1983, *see Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979), and because

-3-

plaintiff had not alleged or shown any direct or circumstantial evidence that "but for the retaliatory motive, the incidents to which he refers . . . would not have taken place," *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotation omitted).

The magistrate judge concluded that plaintiff's claims of conspiracy were vague, conclusory, and presented no facts showing agreement and concerted action designed to deprive plaintiff of a constitutional right, and therefore could not survive summary judgment. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). Finally, the magistrate judge recommended denying plaintiff's motion for a temporary restraining order because plaintiff had failed to establish a threat of irreparable harm and because the relief requested was not consistent with the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

The district court adopted the magistrate judge's recommendations, dismissing the claim against Davis and granting the remaining defendants' motions for summary judgment. The court also denied plaintiff's request for a temporary restraining order and his motions to supplement the record, to compel discovery, and to amend the complaint to add other defendants.

On appeal, plaintiff argues that the court erred by (1) denying his motion to supplement the pleadings; (2) concluding that his transfer to another facility was

proper despite his claims of retaliatory motive; (3) applying *Lundgrin* to his request for injunctive relief in light of *Green v. Johnson*, 977 F.2d 1383 (10th Cir. 1992); (4) failing to order production of prison video tapes and denying his motion for discovery; and (5) refusing to appoint counsel.

We review the court's ruling on the motion to supplement the record for abuse of discretion. *See Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 894 (10th Cir. 1997). We first note that the district court never ruled on either plaintiff's motion to supplement the pleadings filed July 30, 1998 (R. Doc. 30), or on his motion to supplement his summary judgment proof of retaliation filed January 15, 1999 (R. Doc. 39). The court also did not discuss the contents of the July 1998 motion in ruling on summary judgment. We deem those motions as having been denied, and will address whether the court abused its discretion in failing to grant the motions or consider the pleadings.

The court did deny plaintiff's motion to supplement the record filed February 8, 1999 (R. Doc. 40). A review of this motion shows that plaintiff requested supplementation with a letter plaintiff sent to the Lexington Correctional facility regarding an order and judgment issued by this court. Because the letter is not relevant to the court's summary judgment rulings, the court did not abuse its discretion in denying the motion to supplement.

We reject plaintiff's claim that documents submitted with his motions filed on July 30, 1998 and January15, 1999, demonstrate a genuine issue of material fact regarding retaliation. In his July motion, plaintiff submitted proof that another inmate, Steve Seitz, was allowed to keep more than one cubic foot of legal materials in his cell, while he was denied the same request. He argues that this difference in treatment is proof of defendants' retaliatory motive. We note, however, that Seitz's request involved legal materials necessary for his own appeals while plaintiff's request was based on his claim that he needed to keep excess legal materials in order to assist other inmates. *Compare* R. Doc. 28, attachments 7-10 *with id.*, attachments 11, 12, 18-20. Under these differing circumstances, plaintiff has failed to raise a genuine issue of material fact regarding defendants' alleged retaliatory motive, and the court did not abuse its discretion in denying plaintiff's motion to supplement the record.

Although he did not expressly refer to it or rule upon it, the magistrate judge did address plaintiff's claims raised in his January 15, 1999 motion that his transfer to another prison was retaliatory because it occurred after his grievances and lawsuits were filed. The court noted that the transfer bore no close temporal proximity to the grievances or filing of suits and that transfers are within the normal incidents of prison confinement under *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The court did not abuse its discretion in denying this motion. We

further conclude that the court properly granted summary judgment on plaintiff's retaliation claims for substantially the same reasons as stated in the magistrate judge's report and recommendations.

Plaintiff argues that *Green v. Johnson*, 977 F.2d 1383 (10th Cir. 1992), precludes application of the *Lundgrin* factors in his motion for temporary injunction. We disagree. The court in *Green* remanded part of that case to the district court because the plaintiff's inability to produce sufficient evidence of denial of access to legal materials may have been caused by the defendants' unconstitutional behavior, and the district court's findings and conclusions were inadequate to make a determination as to which party should be held responsible for plaintiff's inability to meet his burden of proof. *See id.* at 1390. Those factors are not present in this case, and plaintiff has failed to allege that the property limitation has prevented him from accessing his legal materials. The magistrate judge properly applied *Lundgrin* and properly denied the motion for a temporary injunction.

Plaintiff has failed to support his claims of error regarding the court's denial of his motions to compel discovery and to appoint counsel with any factual or legal argument. We have reviewed the motions and conclude that they were properly denied under the circumstances.

The judgment is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge