**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HENRY RAYMOND TAFOYA,

    Plaintiff-Appellant,

v.

D. McCALL, Property Officer at
C.S.P.; J. NOLAN, Physician; J.
STARK; B. BRUNELL,

    Defendants-Appellees.

No. 03-1087
(D. Colo.)
(D. Ct. No. 00-B-693 (MJW))

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, Circuit Judge, and **BRORBY**,
Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Henry Ray Tafoya, a *pro se* litigant and inmate at a state correctional facility in Colorado, appeals the district court's entry of summary judgment in favor of certain state prison officials on his 42 U.S.C. § 1983 claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Tafoya's § 1983 action arises from his allegations certain state prison officials violated his constitutional rights when: 1) he received inadequate medical care during his incarceration; 2) they improperly confiscated some of his personal possessions; and 3) they failed to follow certain regulations during some of his disciplinary hearings.[1] During the course of litigation, Mr. Tafoya moved for appointment of counsel, complaining, in part, about his limited access to the law library. The magistrate judge denied the motion, and the district court, applying its discretion, affirmed. Following discovery, the state moved for

---

[1] Specifically, Mr. Tafoya claims that, although the correctional facility provided him some nursing care, state officials failed to provide him a doctor during a five-day illness in which he was unable to keep his food and medication down, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment, and also violating various Colorado laws and regulations. In addition, when Mr. Tafoya failed to make arrangements to send prohibited personal items elsewhere or pay for other ordered items, prison officials confiscated and destroyed those items, which he claims violated his Due Process, Equal Protection, Freedom of Religion and Eighth Amendment rights. Finally, he claims state prison officials did not follow certain administrative regulations at some of his discipline hearings, thereby violating his Due Process, Equal Protection and Eighth Amendment rights.

summary judgment on Mr. Tafoya's three claims.[2]

The magistrate judge issued a comprehensive "Recommendation on Defendants' [unopposed] Motion for Summary Judgment" (Recommendation), which carefully analyzed the material facts and applicable law. In short, he found the defendants did not violate Mr. Tafoya's Eighth Amendment right to adequate medical care during his five-day illness because he suffered no injury as a result of being cared for by nursing staff, rather than a doctor or physician's assistant. He also determined the prison officials did not violate Mr. Tafoya's Due Process, Equal Protection and Eighth Amendment rights when they destroyed unauthorized personal property, which he refused to ship elsewhere, or returned merchandise for which he refused to pay. Noting prison officials gave Mr. Tafoya ample opportunity to make arrangements on the disposition of his property, the magistrate judge explained a difference exists between the constitutional right of ownership of protected property and the right to possess such property in prison. Finally, he determined Colorado's two-year statute of limitations barred Mr. Tafoya's claim that prison officials failed to follow certain regulations during

---

[2] The district court previously dismissed three of the six claims in Mr. Tafoya's Second Amended Complaint. These issues are not the subject of the district court's summary judgment decision on appeal, and are not considered here.

four disciplinary hearings held in 1997. As a result, the magistrate judge recommended summary judgment in favor of the state defendants. Mr. Tafoya filed objections to the magistrate judge's Recommendation, which the district court considered before adopting the magistrate judge's Recommendation and granting the state's motion for summary judgment.

Mr. Tafoya appeals the summary judgment determination, raising the same issues disposed of by the magistrate judge and district court. In support thereof, he makes general and conclusory statements that the state prison officials violated a plethora of federal and state laws, rules, and regulations. He also suggests the district court did not have sufficient evidence or information to make a summary judgment determination. In addition, Mr. Tafoya claims he: 1) received no hearing or oral argument on his Amended Complaint; 2) was inappropriately prohibited from responding to the state's motion for summary judgment or filing his own cross-motion for summary judgment, after he failed to respond in a timely manner because he did not know he could file such pleadings; 3) should have been appointed a lawyer because of the complexity of the issues, the number of administrative regulations involved, and his own lack of knowledge about filing procedures; 4) did not have sufficient access to an adequate law library; and 5) should have been allowed to file a class action suit. The state asks us to affirm

the district court's summary judgment decision.

We review a summary judgment order *de novo*, considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is proper only when there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On appeal, this court construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

We have reviewed the parties' pleadings and briefs, the record on appeal, the magistrate judge's Recommendation and the district court's decision, and considered them in light of the applicable law. The magistrate judge issued a comprehensive and well-reasoned Recommendation, which the district court adopted after considering Mr. Tafoya's objections thereto. Given the thoroughness of the Recommendation, we cannot better articulate the facts, applicable law or reasoning for granting the summary judgment, and therefore, will not repeat them here. Accordingly, for substantially the same reasons articulated in the magistrate judge's February 4, 2003 Recommendation, we find

Mr. Tafoya's three claims, raised in his Second Amended Complaint and at issue here, lack merit.

While Mr. Tafoya claims the district court should have held a hearing and allowed him to file an out-of-time response to the summary judgment motion, he fails to explain how oral argument or the filing of additional pleadings would have changed the summary judgment result. Moreover, ignorance of the law by incarcerated pro se litigants does not excuse prompt filings. *See March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). As a result, we cannot say the district court abused its discretion in denying Mr. Tafoya's request to file an out-of-time pleading. *See Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1289 (10th Cir.), *cert. denied*, 537 U.S. 947 (2002).

Similarly, Mr. Tafoya suggests the district court did not have sufficient evidence before it to make a summary judgment determination, but fails to identify what, if any, evidence the court should have considered. Although he generally cites a multitude of federal and state laws, rules, regulations and cases, he fails to explain how the district court erred in rendering summary judgment in favor of the state prison officials. Even construing Mr. Tafoya's *pro se* pleadings

in support of his appeal liberally, his general and conclusory claims of constitutional violations are insufficient to show there is a genuine issue of material fact or that the state prison officials are not entitled to summary judgment as a matter of law. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). Accordingly, we reject Mr. Tafoya's claims the district court should have held a hearing and allowed him to file an out-of-time response.

We next address Mr. Tafoya's argument that, in preparing his pleadings, he should have had access to a better law library and been appointed an attorney. Mr. Tafoya alleges the lack of an attorney prohibited his response to the summary judgment motion.

It is well established the Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to access the courts for civil claims – but not "an independent right of access to a law library or legal assistance." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996). To prevail on such a claim, an inmate must "demonstrate that the alleged shortcomings in the library or leal assistance program hindered his efforts to pursue a legal claim." *Penrod*, 94 F.3d at 1403.

Mr. Tafoya has not alleged, nor can he show, the lack of legal assistance actually "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Instead, it is clear Mr. Tafoya was able to pursue his legal claims by filing an Amended Second Complaint and a host of other pleadings, and certainly enjoyed access to the federal courts for the purpose of pursuing those claims. Even though Mr. Tafoya claims an attorney would have known about the procedure and time restraints in responding to the state's motion for summary judgment, as stated previously, he has not explained how a responsive pleading would have changed the summary judgment result.

As to his library claim, he suggests his library is inaccessible and inadequate stating "the library ... here is nothing! It takes up to ten days just to get there! and their [sic] is only pads and some P.3d." Despite Mr. Tafoya's complaints about the inadequacy of the library, we note he filed numerous pleadings during this litigation, most of which cite a plethora of federal and state statutes, rules, regulations, and cases. The content of these pleadings demonstrates Mr. Tafoya had sufficient access to an adequate law library for the purpose of pursing his claims. Thus, his legal assistance and inadequate law library claims lack merit.

Finally, Mr. Tafoya's single, conclusory statement that "[t]his case should have been a class action suite [sic]" is insufficient for appellate review. We generally will not consider conclusory and unsupported § 1983 claims, *see Durre*, 869 F.2d at 545, or exercise jurisdiction on issues not raised or addressed below. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Accordingly, we **AFFIRM** the district court's summary judgment decision for substantially the same reasons articulated in the magistrate judge's February 4, 2003 Recommendation and the district court's February 24, 2002 Order. We grant Mr. Tafoya's motion to pay the filing fee in partial payments, and remind him of his obligation to continue making partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b) until the entire fee is paid.[3] The mandate shall issue forthwith.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge

---

[3] We also note Mr. Tafoya has a history of unsuccessful appeals to this court, and remind him of his continuing obligation to make payments on his previous filing fees.