**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAHAD MUQARRAB ALI,

      Plaintiff-Appellant,

v.

TERRY REEVES; C/O PONCETTA;
C/O HENDERSON; GARY GOLDER,
Warden,

      Defendants-Appellees.

No. 06-1317
(D.C. No. 05-CV-2610-PSF-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Jahad Muqarrab Ali, proceeding pro se, appeals from the district court's

dismissal of his 42 U.S.C. § 1983 complaint pursuant to Fed. R. Civ. P. 12(b)(6).

We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Ali is currently incarcerated with the Colorado Department of Corrections (CDOC) in Sterling, Colorado. He filed a § 1983 action against the defendants, all of whom are CDOC employees, alleging defendants Poncetta and Henderson removed some letters and photos from his cell as part of an investigation of a former CDOC employee. He asserted that his due process rights were violated because his personal property was taken without a hearing. Defendants filed a motion to dismiss, arguing in part that Mr. Ali's complaint failed to state a claim for relief because he had an adequate post-deprivation remedy for the removal of his property in the form of a state law claim for damages. Mr. Ali did not respond to this argument; instead, he argued that he had exhausted his administrative remedies, but that the grievance process had failed.

The magistrate judge issued a recommendation that the motion to dismiss be granted. He characterized the removal of Mr. Ali's property as a "random and unauthorized" deprivation of property as opposed to a deprivation "according to some established state policy, procedure, or custom." R., Doc. 44 at 3 (quotations omitted). The magistrate judge noted that in these circumstances, the court must focus its analysis on the post-deprivation process because "'in most cases, it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.'" *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). He explained that "[e]ven intentional deprivations of property do not constitute

a Fourteenth Amendment violation if adequate state post-deprivation remedies are available." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Smith v. Colo. Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994); *Durre v. Dempsey*, 869 F.2d 543, 545-48 (10th Cir. 1989)). Finally, he noted that "[w]hen property is wrongfully taken by a state official, Colorado law provides an adequate post-deprivation remedy at Colo. Rev. Stat. § 24-10-106." *Id.* Because Mr. Ali had not alleged that he was unable to follow the state claim procedure, the magistrate judge determined that he had failed to state a claim for a violation of his due process rights. *Id.* at 3-4.

Mr. Ali filed an objection to the magistrate judge's recommendation, arguing in part that "[t]he law does not require that a prisoner file a deprivation claim in the state court prior to filing such a claim in the federal court. Such requirements would more likely than not prove to be both futile and expensive . . . ." *Id.*, Doc. 45 at 5. Mr. Ali also asserted that he was required only to exhaust his administrative remedies and that he had done so. *Id.* After reviewing Mr. Ali's objection, the district court accepted and adopted the recommendation of the magistrate judge and granted the defendant's motion to dismiss.

Mr. Ali filed a notice of appeal and a motion for leave to proceed on appeal without prepayment of fees pursuant to 28 U.S.C. § 1915. He stated that his issues for appeal were: "(1) Whether Mr. Ali has an unexhausted remedy under

section 24-10-106(1)(b) Colorado Revised Statutes" and "(2) Whether the PLRA of 1995 requires a prisoner to proceed beyond the available administrative remedies and into the state court before he becomes eligible to proceed under 42 U.S.C. Section 1983." R., Doc. 49 at 1. The magistrate judge denied his motion and found, pursuant to 28 U.S.C. § 1915(a)(3), that his appeal was not taken in good faith because Mr. Ali had "not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Id.*, Doc. 52 at 1.

In this court, Mr. Ali filed a motion for leave to proceed without prepayment of costs or fees and an opening brief. On appeal, Mr. Ali abandoned the arguments that he had previously made before the district court. Instead, he argued for the first time that although Colo. Rev. Stat. § 24-10-106(1)(b) provided a state remedy, the remedy was no longer available because of the 1994 addition of subsection (1.5), which he asserted denies redress to prisoners by granting immunity to corrections facilities and their employees. Aplt. Br. at 2A-2B.

Generally, we do not consider an argument raised for the first time on appeal when it clearly could have been raised in the district court. In this case, however, we note that the magistrate judge correctly stated Colorado law, but cited to the incorrect statutory provision. Mr. Ali sued individual employees of the Colorado Department of Corrections. The provision cited by the magistrate judge applies to public entities, *see* Colo. Rev. Stat. § 24-10-106, and the addition

-4-

of subsection (1.5) does appear to limit the waiver of immunity for a correctional facility when a suit is brought by a plaintiff who has been convicted of a crime and is incarcerated in the correctional facility. There is a separate statutory provision, however, that does waive immunity for suits against state employees, *see id.* § 24-10-118. Because of this, Mr. Ali did have an adequate post-deprivation remedy and could have filed a claim against the defendants in this case using the claim procedure outlined in § 24-10-109. Mr. Ali failed to follow this claim procedure and failed to allege any reason why he was unable to do so. Because of this, the district court's dismissal was proper.

In reviewing Mr. Ali's motion for leave to proceed without prepayment of costs or fees, we must consider whether "he has demonstrated a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (quotation omitted). The district court denied Mr. Ali's initial motion and concluded that Mr. Ali had not shown the existence of a reasoned, nonfrivolous argument, but it did not have the opportunity to consider the argument that was presented to this court. We conclude that Mr. Ali's appellate argument is not frivolous and we grant his motion.

The judgment of the district court is AFFIRMED.  Mr. Ali's motion to proceed without prepayment of costs and fees is GRANTED.  Mr. Ali is reminded that he must continue to make his partial fee payments until the fee is paid in full.

Entered for the Court


Stephen H. Anderson
Circuit Judge