**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

ARNOLD ANTHONY CARY,

      Plaintiff - Appellant,

v.

WARDEN BERRY GOODRICH; C.O.
MICHAEL ROMERO,

      Defendants - Appellees.

No. 20-1112
(D.C. No. 1:19-CV-03690-LTB-GPG)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
———————————————————

Pro se[1] plaintiff-appellant Arnold Cary filed a claim under 42 U.S.C. § 1983,

alleging that his due process rights were violated when his property was seized by

prison officials. The district court dismissed Cary's claim as legally frivolous under

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Cary is proceeding pro se, we liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). That said, liberally construing a pro se filing does not include supplying additional factual allegations or constructing a legal theory on the appellant's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

28 U.S.C. § 1915(e).  We affirm and grant Cary's motion to proceed *in forma pauperis*.

## I.

Cary is a state inmate held by the Colorado Department of Corrections ("CDOC").  In July 2019, he was transferred from Fremont Correctional Facility to Crowley County Correctional Facility.  Following Cary's transfer, prison officials allegedly seized eight of his legal books and have not returned them.  Cary asserts that he was required to mail the books to a recipient outside the facility, but that recipient never received them.

Consequently, Cary filed a claim in federal district court under 42 U.S.C. § 1983, alleging that his due process rights had been violated.[2]  Cary was granted leave to proceed *in forma pauperis*, but the district court dismissed his action as legally frivolous under 28 U.S.C. § 1915(e).[3]

## II.

When a plaintiff proceeds *in forma pauperis*, § 1915(e) requires the court to dismiss the claim if the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B).  A complaint is "frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "We review the

---

[2] Cary's complaint also mentioned the First Amendment and the Equal Protection Clause, but the district court held that Cary's "vague and conclusory references" to these rights were insufficient "to state an arguable constitutional claim."  ROA at 50.  Cary does not challenge this ruling on appeal.

[3] The district court adopted the magistrate judge's recommendation.

district court's § 1915(e) dismissal for an abuse of discretion." *McWilliams v. State of Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997).

**III.**

Cary appears to advance three arguments on appeal: (1) the district court erred by dismissing his due process claim as legally frivolous; (2) the district court showed judicial bias; and (3) he was denied access to the courts.

**A.**

The district court did not abuse its discretion by dismissing Cary's due process claim as legally frivolous. "We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Even if we assume that Cary was deprived of a constitutionally protected property interest in his legal books, his claim fails because he cannot establish that the procedures accompanying the deprivation of his property were constitutionally insufficient. The procedural requirements of due process are not violated where the deprivation of property is "random and unauthorized" and "the plaintiff has an adequate [post-deprivation] state remedy." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if

3

a meaningful postdeprivation remedy . . . is available.")), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010).

Here, the district court properly dismissed Cary's due process claim because (1) the deprivation of his property was unauthorized and (2) he has an adequate post-deprivation state remedy.

First, the seizure of Cary's books was unauthorized and was not the result of "some established state policy, procedure, or custom." *Gillihan*, 872 F.2d at 939. The Supreme Court has explained that in such cases, a pre-deprivation hearing is not required because "[t]he loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State." *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). Cary does not allege that the seizure of his legal books was due to any established state policy. To the contrary, he has asserted that his possession of the legal books was authorized by CDOC policy. ROA at 45.

Second, Cary has an adequate post-deprivation state remedy. The CDOC allows inmates to seek "restoration of or restitution for property" by filing a formal grievance, CDOC Admin. Reg. 850-4, and Cary has not established that he exhausted this remedy. *See Hudson*, 468 U.S. at 536 n.15 (noting that a state inmate grievance procedure is a potential source of relief for an inmate alleging a violation of his due process rights in connection with the alleged destruction of his property). Cary also has not provided any reason why this inmate grievance procedure was either inadequate or unavailable. Additionally, Cary has an adequate post-deprivation

4

remedy in state court because Colorado state employees are not "immune from liability" for tortious actions that are "willful and wanton." *See* Colo. Rev. Stat. § 24-10-118; *Martinez v. Estate of Bleck*, 379 P.3d 315, 317 (Colo. 2016). Again, Cary neither exhausted this remedy nor alleged that it was inadequate or unavailable. *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989).

Thus, because the deprivation of Cary's property was unauthorized and he has adequate state post-deprivation remedies, the district court properly dismissed his § 1983 due process claim.

## B.

Cary also argues that the judges below showed judicial bias and that their "fact finding procedure violates the Constitution and is inadequate for ascertainment of truth." Aplt. Br. at 4–5. This argument fails, however, because Cary did not cite any facts supporting his conclusion. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding for pro se litigants that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

## C.

Finally, Cary claims that he was denied access to the courts because "[i]t was obvious that CDOC instructed [Crowley County Correctional Facility] to restrain [his] litigation ability." Aplt. Br. at 5–6. But Cary again provides no factual support for this assertion. Therefore, this argument fails. *See Hall*, 935 F.2d at 1110.

**IV.**

For these reasons, we affirm the district court's dismissal of Cary's complaint as legally frivolous under 28 U.S.C. § 1915. We also grant Cary's motion to proceed *in forma pauperis* and remind him of his obligation under § 1915(b) to make payments until the appellate filing fee is paid in full.

Entered for the Court


Allison H. Eid
Circuit Judge

6